UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,        )
                               )
        vs.                     )
                               )    Case No. 4:06CR00079 RWS (AGF)
BRANDON STEPHENS,               )
                               )
              Defendant.        )

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pretrial motion filed by Defendant, Brandon

Stephens.  Pretrial matters were referred to the undersigned United States Magistrate

Judge under 28 U.S.C. § 636(b).  Defendant filed a motion to suppress evidence and

statements (Doc. No. 19); however, the parties are in agreement that no statements were

made by Defendant.

An evidentiary hearing was held on April 20, 2006.  The government was

represented by Assistant United States Attorney Thomas J. Mehan.  Defendant was

present and represented by his attorney, Assistant Federal Public Defender Michael

Dwyer.  At the hearing, the government presented the testimony of Officer Lance Coats,

who has been employed with the St. Louis Metropolitan Police Department (SLMPD) for

approximately eight years, who testified regarding the events that form the basis of the

indictment.  The government also presented the testimony of Officer Edward Smoote,

who has been employed with SLMPD for 15 years, who testified regarding an arrest in

November 2001, which the government may offer under FRE Rule 404(b).  The witnesses were cross-examined extensively by defense counsel.  The parties were given leave to file post-hearing memoranda, after which the matter was taken under advisement.

Based on the testimony and evidence adduced and having had an opportunity to observe the demeanor and evaluate the credibility of the witnesses, the undersigned makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

### Events of July 8, 2005

On July 8, 2005, at approximately 6:15 p.m., Officer Lance Coats and Officer Church were on duty, driving a marked police vehicle and in uniform.  The officers heard a radio dispatch regarding a black Suburban automobile that had been exchanging gunfire with a white automobile, conducting a running gun battle.  Soon thereafter, as they were at Euclid and Natural Bridge, they saw a vehicle that matched the description they had heard, heading southbound on Euclid, north of Natural Bridge.  The black vehicle bounced over a curb and came onto Natural Bridge.  The officers made a U-turn, activated their flashing lights and siren, and came up behind the Suburban, at which time the Suburban fled south on Euclid, with the officers in pursuit.  At St. Louis Avenue and Euclid, the Suburban attempted to pass another vehicle at a high rate of speed, lost control, slid across the intersection, and ended up in an elevated yard with the front wheels off the ground.  Officer Coats was able to maintain his view of the black

Suburban the entire time, and the officers stopped their patrol car within 15-30 feet of the Suburban.

The driver of the Suburban, later identified as Defendant Brandon Stephens, got out of the vehicle and ran in a southeasterly direction. Officer Coats observed what appeared to be an automatic pistol in Defendant's right hand. The officers pursued Defendant in their patrol car, heading down St. Louis Avenue. They were able to maintain their view of Defendant the entire time, except when Defendant ran between two buildings. They observed Defendant as he exited from between the two buildings, and at that time he no longer appeared to have anything in his hand. Approximately ten seconds passed from the time Defendant ran from the Suburban and ran out from between the two buildings. Officer Coats got out of his patrol car and chased after Defendant, climbing over two fences. Approximately 15-30 seconds later, Officer Coats caught up with Defendant in a backyard at 2818 Euclid. When he got within 15 feet, he announced "taser," and used his taser to stop Defendant, which caused Defendant to go down. Defendant then attempted to get back up and run, but Officer Coats again used his taser, and Defendant stayed down.

Officer Coats placed Defendant in handcuffs and got him on his feet. He placed Defendant under arrest for assault first degree, in connection with the initial shooting incident. Defendant had also left the scene of an accident and had been observed unlawfully possessing a firearm. He conducted a search of Defendant's pockets, and in Defendant's pant pocket he located a cellophane baggie with clear capsules that contained

a tanish-white powder, identified as heroin. The officers determined that the Suburban had been reported stolen. Another patrol car arrived and secured the scene where the Suburban had crashed. Officers thereafter located the firearm that forms the basis of the indictment in the Suburban. The handgun Officer Coats had seen in Defendant's hand was never located.

### Events of November 2001

On approximately November 15, 2001, Officer Edward Smoote was on duty. At approximately 11:00 p.m., he observed Defendant driving an Audi in an erratic manner, swerving between lanes. He did a computer check on the vehicle, and the plates came back for a 1994 Plymouth. He attempted to pull Defendant over for a traffic violation, but as Officer Smoote walked up, Defendant sped off. Defendant ran a red light and swerved across into westbound traffic. Approximately 10 minutes later, Defendant had an accident when he left the roadway, striking a tree, a fence, and a parked truck. Officer Smoote came to the scene after the accident and identified Defendant as the driver. Officer Smoote was advised that following his arrest, another officer seized a handgun from Defendant's waistband. Apparently Defendant entered a plea in state court related to these events.

## CONCLUSIONS OF LAW

### A. Arrest and Seizure of Heroin on July 8, 2005

At the hearing, the parties agreed that no statements were made by Defendant. Following the hearing, Defendant also withdrew his motion to suppress the firearm and

any other evidence seized from the stolen vehicle Defendant was driving.[1]  As such, the

only motion remaining with respect to the events that form the basis of this indictment is

Defendant's motion to suppress his arrest and items seized from his person.  Here,

however, both the arrest and seizure of heroin incident to the arrest were lawful.

No seizure of Defendant took place until Officer Coats finally subdued Defendant

with his taser.  California v. Hodari D., 499 U.S. 621, 626 (1991);  United States v.

Jackson, 175 F.3d 600, 601 (8th Cir. 1999);  Cole v. Bone, 993 F.2d 1328, 1332-33 (8th

Cir. 1993).  By this time, the officers had observed Defendant driving a car that matched

the description they had received, Defendant had fled from them, and they had observed

Defendant with a firearm, all of which gave the officers probable cause to believe that

Defendant had been involved in the original gun battle about which they had received

information.  Illinois v. Wardlow, 528 U.S. at 124-125; United States v. Willis, 967 F.2d

1220, 1223 (8th Cir. 1992) (police officer who had a reasonable suspicion that "criminal

activity might be afoot" had probable cause to arrest defendant who dropped bag and

---

[1] Even if Defendant had not withdrawn his motion to suppress evidence seized from the car, inasmuch as it is undisputed that the car Defendant was driving was stolen, Defendant did not have a legitimate privacy interest in the stolen vehicle, and therefore does not have any standing to object to the search of the vehicle.  See, e.g., United States v. Lanford, 838 F.2d 1351, 1353 (5th Cir. 1988); United States v. Hensel, 672 F.2d 578, 579 (6th Cir. 1982); United States v. Hargrove, 647 F.2d 411, 412 (4th Cir. 1981).  The officers, in any event, were authorized to search the car, as they had probable cause to believe that it had been involved in a running gun battle and was stolen.  Moreover, as Defendant had been returned to the scene, the officers were also authorized to search the car incident to Defendant's arrest.  Thornton v. United States, 541 U.S. 615, 622 (2004); New York v. Belton, 453 U.S. 454, 461 (1981).

fled); United States v. Clark, 743 F.2d 1255, 1260 (8th Cir. 1984) (officer had probable cause to arrest defendant who suddenly fled when being questioned by postal inspectors about irregularities in incoming mail). Based on his own observations, Officer Coats also had probable cause to arrest Defendant for leaving the scene of an accident and unlawful use of a weapon. United States v. Boucher, 909 F.2d 1170, 1173 (8th Cir. 1990).

The officers were thereafter authorized to search Defendant incident to his valid arrest. New York v. Belton, 453 U.S. at 461; United States v. Robinson, 414 U.S. 218, 224 (1973). As such, neither the heroin nor any other items seized from Defendant's person should be suppressed.

### B. Defendant's Arrest and Seizure of Fieram in November 2001

It is not at all clear that Defendant is seeking to suppress evidence of Defendant's arrest and the firearm seized from his person or from his vehicle in November 2001, which evidence the government apparently seeks to introduce at trial. After hearing the evidence presented, Defendant was asked to advise the Court in his post-hearing memorandum if he wished to suppress the evidence, and he did not do so. Nor did he object to the government's recent assertion that the Court need not reach the issue of the admissibility of the evidence, as it will be determined at trial under Rule 404(b).

Nevertheless, the government having presented the evidence, the Court finds that the facts of the November 2001 incident parallel those discussed above, and that both Defendant's arrest and the firearms seized either from his person and the vehicle were proper. Defendant was observed committing a traffic offense, and was observed driving a

6

vehicle whose plates did not match the vehicle, which provided probable cause for a stop. Whren v. United States, 517 U.S. 806 (1996); United States v. Alcantar, 271 F.3d 731, 736 (8th Cir. 2001). As set forth above, Defendant's flight, and his actions in leaving the scene of an accident, provided additional probable cause for his arrest. And, as discussed above, the officers were thereafter authorized to search both the vehicle and Defendant's person incident to his arrest.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence and Statements [Doc. No. 19] be **DENIED**.

Trial in this matter has been set for **Monday, August 7, 2006, at 9:00 a.m.**, before the **Honorable Rodney W. Sippel**.

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir.1990).

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 14th day of June, 2006.